UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOCELYNE AVRIL,

**FRCP RULE 23 CLASS AND
FLSA COLLECTIVE ACTION
COMPLAINT**

Plaintiff,

-against-

17 CV 116

RISHAVENA, INC.; RISHAVENA HOME HEALTH
CARE AGENCY INC.; MARC RICHARD HILAIRE;
VENA LAURENT-HILAIRE; TALHIA DUCHATELIER;
RUTHMELLE MILLIEN; and ABRAHAM STEEL,

**JURY TRIAL DEMANDED**

Defendants.

------------------------------------------------------------------------x

## NATURE OF THE ACTION

1.       This is an action to recover money damages arising, *inter alia*, out of the violation

of Fair Labor Standards Act and New York Labor Law for Defendants' (1) failure to pay Plaintiff

and other similarly situated employees overtime wages, (2) failure to pay Plaintiff and other

similarly situated employees wages due, and (3) illegal deductions from Plaintiff's and other

similarly situated employees' wages.

## JURISDICTION AND VENUE

2.       This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant

to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C.

§§ 1331 and 1337.

3.       The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and

1367(a).

4.       Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Jocelyne Avril ("Ms. Avril") is a resident of the County of Kings, State of New York.

7.      Upon information and belief, Defendant Rishavena, Inc. is a domestic business corporation organized and existing under the laws of the State of New York.

8.      Upon information and belief, Defendant Rishavena, Inc. ("RI") is a health care agency, with its principal place of business located at 1338 East 69th Street, Brooklyn, New York.

9.      Defendant Rishavena Home Health Care Agency Inc. ("RHHCA") is a domestic business corporation organized and existing under the laws of the State of New York.

10.      Defendant RHHCA is a home health care agency with its principal place of business located at 1338 East 69th Street, Brooklyn, New York.

11.      Upon information and belief, Defendant Marc Richard Hilaire is an owner, manager, and/or shareholder of Defendants RI and RHHCA.

12.      Defendant Hilaire possessed operational control over Defendants RI and RHHCA, and controlled significant functions of the businesses.

13.      Upon information and belief, Defendant Vena Laurent-Hilaire is an owner, manager, and/or shareholder of Defendants RI and RHHCA.

14.      Defendant Laurent-Hilaire possessed operational control over Defendants RI and RHHCA, and controlled significant functions of the businesses.

15.     At all times relevant herein, Defendant Talhia Duchatelier is/was an Operations Manager with Defendants RI and RHHCA.

16.     At all times relevant herein, Defendant Duchatelier possessed operational control over Defendants RI and RHHCA, and controlled significant functions of the businesses.

17.     At all times relevant herein, Defendant Ruthmelle Millien is/was a Client Service Coordinator with Defendants RI and RHHCA.

18.     At all times relevant herein, Defendant Millien possessed operational control over Defendants RI and RHHCA, and controlled significant functions of the businesses.

19.     At all times relevant herein, Defendant Abraham Steel is/was a Compliance Officer with Defendants RI and RHHCA.

20.     At all times relevant herein, Defendant Steel possessed operational control over Defendants RI and RHHCA, and controlled significant functions of the businesses.

## STATEMENT OF FACTS

21.     Ms. Avril began working with Defendant RHHCA in or about August 2014 when she was hired by Defendants as a Home Health Aide.

22.     Ms. Avril's job duties included reporting to clients that were assigned to her from time to time by Defendants to provide these clients with personal services such as housekeeping and laundry services; shopping for food and other household requirement; preparing and serving meals and snacks; running errands; and providing personal services such as bathing, dressing, grooming.

23.     Upon information and belief, on or about February 10, 2015, Defendant RI was created by Defendants Hilaire and Laurent-Hilaire.  Defendant RI provides health care services

similar or identical to those provided by Defendant RHHCA.  Defendant RI shares the same office location as RHHCA; the same supervisors and supervisory structure as RHHCA; and employs the same persons as RHHCA (for example, Defendant Steel is the Compliance Officer of both RI and RHHCA).  Defendants RI and RHHCA act as a unified operation.

24.     Defendants RI and RHHCA are engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce (including medical equipment), and have an annual gross volume of sales made or business done that exceeds five million dollars ($5,000,000.00).

25.     The individual defendants exercise control over the nature and structure of the employment relationship and economic control over the relationship such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

26.     Further, the individual defendants controlled, *inter alia*, Ms. Avril's assignment locations, the number of hours she worked, and her rate of pay.

27.     From the time of hire, Ms. Avril worked eleven (11) hours a day seven (7) days each week.

28.     At the time of hire, Ms. Avril's rate of pay was Ten Dollars and Ninety-Three Cents ($10.93) per hour.

29.     This rate of pay increased to Twelve Dollars and Forty Cents ($12.40) on or about January 1, 2016.

30.     Defendants set Ms. Avril's workweek as Saturday to Friday.

31.     Throughout her employment with Defendants, Ms. Avril was regularly denied overtime pay for overtime hours she worked for Defendants.  The hours would either be completely removed from Ms. Avril's weekly hours, or Defendants would not pay her the proper overtime wages for the hours she did work.  Some examples of this are:

    a.   For the workweek beginning January 23, 2016, and ending January 29, 2016, Ms. Avril worked 77 hours.  Defendants shaved 5.25 hours from the time that Ms. Avril worked, and paid her 71.75 hours at her regular rate of pay ($12.40). None of the time worked was paid at the overtime rate of time-and-a-half, despite Ms. Avril having worked 37 hours of overtime.  See Pay Stub, annexed hereto as Exh. 1 at Bates Stamp No. P 34.

    b.   For the workweek beginning September 27, 2014, and ending October 3, 2014, Ms. Avril worked 77 hours.  Defendants shaved 5.25 hours from the time that Ms. Avril worked, and paid her 31.75 hours at a rate of pay of $12.00 per hour. None of the time worked was paid at the overtime rate of time-and-a-half, despite Ms. Avril having worked 37 hours of overtime.  See Pay Stub, annexed hereto as Exh. 1 at Bates Stamp No. P 6.

    c.   For the workweek beginning August 30, 2014, and ending September 5, 2014, Ms. Avril worked 77 hours.  Defendants shaved 5.25 hours from the time that Ms. Avril worked, and paid her 31.75 overtime hours at a rate of pay of $12.00 per hour.  None of the time worked was paid at the overtime rate of time-and-a-half, despite Ms. Avril having worked 37 hours of overtime.  See Pay Stub, annexed hereto as Exh. 1 at Bates Stamp No. P 3.

d.  For the workweek beginning September 13, 2014, and ending September 19, 2014, Ms. Avril worked 77 hours.  Defendants shaved 5.25 hours from the time that Ms. Avril worked, and paid her 31.75 overtime hours at a rate of pay of $12.00 per hour.  None of the time worked was paid at the overtime rate of time-and-a-half, despite Ms. Avril having worked 37 hours of overtime.  See Pay Stub, annexed hereto as Exh. 1 at Bates Stamp No. P 5.

e.  For the workweek beginning August 23, 2014, and ending August 29, 2014, Ms. Avril worked 77 hours.  Defendants shaved 5.25 hours from the time that Ms. Avril worked, and paid her 31.75 overtime hours at a rate of pay of $12.00 per hour.  None of the time worked was paid at the overtime rate of time-and-a-half, despite Ms. Avril having worked 37 hours of overtime.  See Pay Stub, annexed hereto as Exh. 1 at Bates Stamp No. P 2.

f.  For the workweek beginning September 6, 2014, and ending September 12, 2014, Ms. Avril worked 77 hours.  Defendants shaved 5.25 hours from the time that Ms. Avril worked, and paid her 31.75 overtime hours at a rate of pay of $12.00 per hour.  None of the time worked was paid at the overtime rate of time-and-a-half, despite Ms. Avril having worked 37 hours of overtime.  See Pay Stub, annexed hereto as Exh. 1 at Bates Stamp No. P 4

g.  For the workweek beginning March 19, 2016, and ending March 25, 2016, Ms. Avril worked 77 hours.  Defendants shaved 5.25 hours from the time that Ms. Avril worked, and paid her 31.75 overtime hours at a rate of pay of $12.40 per hour, which was her regular rate of pay.  None of the time worked was paid at

the overtime rate of time-and-a-half ($18.60), despite Ms. Avril having worked 37 hours of overtime.  <u>See</u> Pay Stub, annexed hereto as Exh. 1 at Bates Stamp No. P 42.

32.     Throughout her employment, illegal deductions were taken from Ms. Avril's pay, including deductions for direct deposit; Defendants' workers' compensation premiums; and physical examinations required by Defendants for Ms. Avril's continued employment.

33.     All of the foregoing deductions cannot lawfully be credited against overtime wages under the FLSA and instead amount to an unlawful "kick back" pursuant to 29 C.F.R. § 531.35.

34.     Ms. Avril began complained to Defendants about the illegal deductions, the hours shaved from her paycheck, and the failure to pay her correct overtime rate throughout her employment with Defendants.  Throughout the time of her employment, she became more and more vocal about these issues.

35.     Defendants refused to cease the illegal deductions and, in or about May 2016, retaliated against Ms. Avril, reducing the number of hours she was allowed to work from 77 hours each week to approximately 41 hours each week.

36.     On October 21, 2016, Ms. Avril complained about the deduction of $80.00 from her paycheck for a physical examination required by Defendants for her continued employment. Ms. Avril demanded that the money be paid to her, and Defendants retaliated by attempting to physically remove Ms. Avril from Defendants' business premises.

37.     Thereafter on October 28, 2016, Defendants terminated Ms. Avril in retaliation for Ms. Avril having complained about illegal deductions being taken from her paycheck.

38.      Defendants knowingly, willfully, and intentionally committed all of the acts alleged herein.

## FLSA COLLECTIVE ACTION CLAIMS

39.      Plaintiff Jocelyne Avril brings her FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Collective Period"), as employees of Defendants (the "FLSA Collective").

40.      At all relevant times, Plaintiff Jocelyne Avril, and other members of the FLSA Collective who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

41.      At all relevant times, Plaintiff Jocelyne Avril, and other members of the FLSA Collective who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

42.      At all relevant times, Plaintiff Jocelyne Avril, and other members of the FLSA Collective who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

43.      The claims of Plaintiff Jocelyne Avril stated herein are similar to those of the other employees.

## FRCP RULE 23 CLASS ACTION CLAIMS

44.     Plaintiff Jocelyne Avril bring her New York Labor Law claims pursuant to Fed. R. Civ. P. Rule 23, on behalf of all non-exempt home health aides employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

45.     All said persons, including Plaintiff Jocelyne Avril, are referred to herein as the "Rule 23 Class."

46.     The Rule 23 Class members are readily ascertainable.  The number and identity of the Rule 23 Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rate of pay for each Rule 23 Class member is also determinable from Defendants records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said Fed. R. Civ. P. Rule 23.

47.     The proposed Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than 100 members of the class.

48.     Ms. Avril's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief that would be sought by each member of the Rule 23 Class in separate actions.  All of the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime

compensation.  Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Rule 23 Class member.  Plaintiff and other Rule 23 Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

49.     Plaintiff Jocelyne Avril are able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.  Plaintiff Jocelyne Avril are represented by attorneys who are experienced and competent in both class action and wage and hour employment litigation cases.

50.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Rule 23 Class members lack the financial resources to vigorously prosecute corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  The losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by

individual members of the Rule 23 Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Rule 23 Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

51.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

52.     There are questions of law and fact common to the Rule 23 Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendants employed Plaintiff and the Rule 23 Class members within the meaning of the New York law;

b.     Whether Plaintiff and Rule 23 Class members are entitled to overtime under the New York Labor Law;

c.     Whether Defendants maintained a policy, pattern, and/or practice of failing to properly pay overtime pay at a rate of one and one-half times the regular rate at which Plaintiff and the Rule 23 Class members were/are employed;

d.      Whether Defendants maintained a policy, pattern, and/or practice of failing to pay the wages due to Plaintiff and the Rule 23 Class members;

e.      Whether Defendants provided wage notices at the time of hiring to Plaintiff and Rule 23 Class members as required by the NYLL;

f.      Whether Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and the Rule 23 Class;

g.      Whether Defendants failed to provide full and accurate paystubs on or after each of Plaintiff's and the Rule 23 Class members' paydays; and

h.      At what common rate, or rates subject to common method of calculation Defendants are and were required to pay Plaintiff and Rule 23 Class members for their work.

**FIRST CAUSE OF ACTION**
*Overtime Wages under the FLSA*

53.    Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

54.    Pursuant to 29 USC § 207(a), no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater.

55.    29 USC § 216(b) provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.

56.    Defendants' failure to pay Plaintiff and the FLSA Collective members their overtime pay violated the FLSA.

57.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time-and-a-half to Plaintiff and FLSA Collective members for all hours worked in excess of forty (40) hours per workweek, which violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

59.    Defendants willfully failed to notify Plaintiff and FLSA Collective members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collective members' labor.

60.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and FLSA Collective members.

## SECOND CAUSE OF ACTION
### *Overtime Wages Under The NYLL*

61.    Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

62.    An employer who fails to pay overtime wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011; one hundred percent (100%) under NY Wage Theft Prevention Act; and interest.

63.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff and Rule 23 Class members at one and one half times the hourly rate Plaintiff and Rule 23 Class members are entitled to.

64.    Defendants' failure to pay Plaintiff's and Rule 23 Class members' overtime pay violated the NYLL.

65.    Defendants' failure to pay Plaintiff and Rule 23 Class members was not in good faith.

66.    Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### *Unlawful Deductions from Wages in Violation of NYLL § 193*

67.    Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

68.     At all relevant times, Ms. Avril and the Rule 23 Class members were employees within the meaning of the NYLL.

69.     Section 193 of the NYLL expressly prohibits an employer from making unauthorized deductions from employees' wages.

70.     Section 193 prohibits deductions from employees' wages unless the deductions are (1) expressly authorized by and for the benefit of the employee and (2) limited to the enumerated categories of permissible deductions.

71.     Defendants made deductions from the wages of the Ms. Avril and the Rule 23 Class members for purposes that are not permissible under the statute.

72.     The deductions made by Defendants were not made for their benefit.

73.     By Defendants' practice of making unlawful deductions from Plaintiff's and the Rule 23 Class members' earned wages, whether by direct payroll deduction or separate transaction, Plaintiff and the Rule 23 Class members were damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### *Failure to Pay Wages in Violation of NYLL § 663*

74.     Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

75.     At all relevant times, Ms. Avril and the Rule 23 Class members were employees within the meaning of the NYLL.

76.     NYLL § 663(1) states: "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled … he or she shall recover in a civil action the amount of any such underpayments …"

77.    Defendants have failed to pay Plaintiffs and the Rule 23 Class members the wages to which they were entitled under the NYLL.

78.    By Defendants' failure to pay Plaintiff and the Rule 23 Class members their wages, they have willfully violated Article 19, §§ 663 *et seq.* of the NYLL and the supporting New York State Department of Labor Regulations.

79.    Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### *Violation of NYLL's Record Keeping Requirements*

80.    Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

81.    Defendants did not maintain, establish, and preserve Plaintiff's and Rule 23 Class members' weekly payroll records for a period of not less than six years, as required by NYLL § 661.

82.    As a result of Defendants' unlawful conduct, Plaintiff and the Rule 23 Class members have sustained damages including loss of earning, in an amount to be established at trial; liquidated damages; prejudgment interest; costs; and attorneys' fees.

83.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and the Rule 23 Class members in order to facilitate their exploitation of Plaintiff's and the Rule 23 Class members' labor.

84.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and the Rule 23 Class members was not in good faith.

### SIXTH CAUSE OF ACTION
*Violation of NYLL's Time of Hire Wage Notice*

85.     Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

86.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.  NYLL § 195-1(a).

87.     Defendants intentionally failed to provide notice to Plaintiff and the Rule 23 Class members in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his/her first day of employment.

88.     Defendants not only did not provide notice to Plaintiff and the Rule 23 Class members at the time of hire, but failed to provide notice to Plaintiff and the Rule 23 Class members even after the fact.

89.     Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants, jointly and severally, Fifty Dollars ($50.00) for

each workday that the violation occurred or continued to occur, up to Five Thousand Dollars ($5,000.00), together with costs and attorneys' fees pursuant to NYLL § 198(1-b).

## SEVENTH CAUSE OF ACTION
### *Violation of NYLL's Pay Stub Requirement*

90.     Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

91.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday.  NYLL § 195-1(d).

92.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and the Rule 23 Class members, and did not provide full and accurate paystub on or after each of Plaintiff's and the Rule 23 Class members' paydays.

93.     Due to Defendants' violations of New York Labor Law, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants, jointly and severally, Two Hundred Fifty Dollars ($250.00) for each workday of the violation, up to Five Thousand Dollars ($5,000.00) for each plaintiff and/or Rule 23 Class member, together with costs and attorneys' fees pursuant to NYLL § 198(1-d).

## EIGHTH CAUSE OF ACTION
### *Civil Damages for Fraudulent Filing of IRS Returns*

94.     Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

95.     26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

96.     Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff Jocelyne Avril is entitled to recover from Defendants, jointly and severally,: (1) any actual damages sustained by Plaintiff Jocelyne Avril as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### NINTH CAUSE OF ACTION
*Violation of N.Y. Gen. Bus. L. § 349*

97.     Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

98.     N.Y. Gen. Bus. L. § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

99.     Due to Defendants' violations of N.Y. Gen. Bus. L. § 349, Plaintiff Jocelyne Avril is entitled to recover from Defendants, jointly and severally, her actual damages or Fifty Dollars ($50.00), whichever is greater, or both such actions.

100.    Plaintiff Jocelyne Avril demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendants RI and RHHCA to recover wages owed as an employee of Defendants RI and RHHCA.

### TENTH CAUSE OF ACTION
*Federal Anti-Retaliation Violation*

101.    Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

102.    Defendants retaliated against Ms. Avril in violation of 29 U.S.C. § 215(a)(3).

103.    Ms. Avril is therefore entitled to damages, injunctive relief, and such other legal relief as may be appropriate, as well as attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION
### *New York State Anti-Retaliation Violation*

104.    Plaintiff Jocelyne Avril repeats and re-alleges each and every allegation as if fully set forth herein.

105.    Plaintiffs retaliated against employees in violation of Section 215(1)(a) of the New York Labor Law.

106.    Ms. Avril is therefore entitled to damages, injunctive relief, and such other legal relief as may be appropriate, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jocelyne Avril, individually and on behalf of the FLSA Collective and Rule 23 Class, respectfully requests judgment against Defendants as follows:

a.    Authorizing Plaintiff Jocelyne Avril at the earliest possible time to give notice of this collective action, or that the court issue such notice, to the FLSA Collective members. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b.    Certification of this case as a collective action pursuant to FLSA;

c.    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and

appointing Plaintiff Jocelyne Avril and her counsel to represent the FLSA Collective;

d.     Certification of this case as a class action pursuant to Fed. R. Civ. P. Rule 23;

e.     Designation of Plaintiff Jocelyne Avril as representatives of the Rule 23 Class, and counsel of record as class counsel;

f.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

g.     A declaratory judgment that Defendants' violation of the provisions of the FLSA has been willful as to Plaintiff Jocelyne Avril (as well as the prospective collective class members);

h.     A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

i.     A declaratory judgment that Defendants' violation of the provisions of the NYLL has been willful as to Plaintiff Jocelyne Avril (as well as the prospective collective class members)

j.     A declaratory judgment that the practices complained of herein are unlawful under the N.Y. Gen. Bus. L.;

k.     An injunction against Defendants; Defendants' officers, agents, successors, employees, representatives; and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

l.    Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid minimum wages, plus liquidated damages;

m.    Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid overtime wages, plus liquidate damages;

n.    Pursuant to NYLL §§ 198(1-a), 198(3), and 663(1), damages for the amount of unpaid overtime wages, plus liquidated damages;

o.    Pursuant to NYLL § 663(1), damages for the amount of unpaid wages, plus liquidated damages;

p.    Pursuant to NYLL § 193, damages for unlawful salary deductions, plus liquidated damages;

q.    Pursuant to NYLL §§ 195 and 662, damages for failure to provide notice and accurate wage statements;

r.    Damages pursuant to N.Y. Gen. Bus. L. § 349;

s.    Damages pursuant to 26 U.S.C. § 7434;

t.    Damages, injunctive relief, and such other legal relief as may be appropriate under federal and state law for Defendants' retaliation against Ms. Avril;

u.    Awarding Plaintiff Jocelyne Avril (as well as the prospective collective class members) pre-judgment and post-judgment interest as applicable;

v.    Awarding Plaintiff Jocelyne Avril (as well as the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

w.    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal

2b03cc7852ce6df5

and no appeal is then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

x.      Such other and further relief as the Court deems just and necessary.

Dated:  New York, New York
        January 9, 2017

                                    /s/
                                    Gregory P. Mouton, Jr., Esq.
                                    MoutonDell'Anno LLP
                                    *Attorneys for Plaintiff Jocelyne Avril*
                                    305 Broadway, 7th Floor
                                    New York, NY  10007
                                    Phone & Fax: (646) 706-7481
                                    gmouton@moutondellanno.com

Index No. 17 CV 116

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOCELYNE AVRIL,

Plaintiff,

-against-

RISHAVENA, INC.; RISHAVENA HOME HEALTH CARE AGENCY INC.; MARC RICHARD HILAIRE; VENA LAURENT-HILAIRE; TALHIA DUCHATELIER; RUTHMELLE MILLIEN; and ABRAHAM STEEL,

Defendants.

---

FRCP RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT

---

**MOUTON**DELL'ANNO **LLP**

| 305 Broadway, 7th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481